953 F.2d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kimberly WELLS, et al., Plaintiffs,
Marvin Dickman (Member Class Action), Plaintiff-Appellant,
v.
John NELSON; Cincinnati Metropolitan Housing Authority,
Defendants-Appellees,
Department of Housing and Urban Development, Defendant.
 No. 91-3683.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Marvin Dickman is a pro se tenant, who appeals the entry of a consent judgment in a class action that was filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The members of the plaintiff class were residents of public housing in Cincinnati, Ohio. They alleged that the Cincinnati Metropolitan Housing Authority ("CMHA") had not provided them with an effective grievance procedure as required by due process and 42 U.S.C. § 1437d(k). A fairness hearing was held on a proposed settlement in the case, and the district court approved an Agreed Final Judgment on July 16, 1991. Dickman now appeals. He also requests counsel, a transcript and pauper status on appeal.
 
 
 3
 The approval of a settlement agreement is reviewed under an abuse of discretion standard. In re General Tire and Rubber Sec. Litig., 726 F.2d 1075, 1080 (6th Cir.), cert. denied, 469 U.S. 858 (1984). Thus, Dickman has a "heavy burden of demonstrating that the decree is unreasonable." Williams v. Vukovich, 720 F.2d 909, 921 (6th Cir.1983).
 
 
 4
 Dickman first argues that he was misinformed regarding the date of the hearing. However, the record indicates that all of the members of the class were advised of the hearing in writing. It appears that Dickman received this notice because he filed detailed written objections to the proposed agreement. Thus, the district court's finding that the class received adequate notice is not clearly erroneous.
 
 
 5
 Dickman next argues that the settlement agreement violates due process because it does not provide a grievance procedure for residents who are evicted for participating in dangerous or drug-related criminal activities. However, the plaintiffs do not have a constitutionally created right to a grievance procedure. Moreover, the National Affordable Housing Act specifically allows public housing agencies to exclude precisely these types of evictions from their grievance procedures. 42 U.S.C. § 1437d(k). Dickman also argues that the agreement does not provide for a prompt resolution of grievances as required by 24 C.F.R. § 966.55. However, the requirement that hearings be held within 90 days is not unreasonable in light of CMHA's prior practices and the scheduling provisions of similar regulations.
 
 
 6
 Finally, we hold that the district court did not abuse its discretion by awarding the plaintiffs' attorneys $25,000 in fees under 42 U.S.C. § 1988. The plaintiffs were prevailing parties and even the defendants concede that the amount of the award was reasonable.
 
 
 7
 Accordingly, Dickman's requests for counsel, a transcript and pauper status are each denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.